## Isaacke *vs* Ficklin, &c.

### ERROR TO THE FLEMING CIRCUIT.

#### *Usury.*

JUDGE MARSHALL delivered the opinion of the Court.

ISAACKE having enjoined a judgment obtained against him by Cochran, as the assignee of Ficklin, for $48 60, on the ground that it was the usurious interest which had been reserved in various transactions between Ficklin and himself. One Fant, to whom Ficklin had suggested that he might compromise the controversy, proposed to Isaacke

to lend him $50 for six months, at the rate of twelve and a half per cent. interest per annum, and pay the costs of the injunction suit, if Isaacke would dismiss or discontinue that suit; which being agreed on, Isaacke executed his note to Fant for the $50, then advanced, with interest as agreed, and delivered to him an order to his counsel directing him to dismiss the suit, "as Ficklin had satisfied him in full." Within five days afterwards, Fant assigned the note, without recourse, to Ficklin, who says he then paid him the $50; and a judgment having been afterwards obtained upon the note by Ficklin, Isaacke filed the present bill and obtained an injunction complaining that he had not been indulged on this last transaction as was promised by Fant, and alledging that it was in fact, but a device on the part of Ficklin, through the agency of Fant, to evade the statute against usury, and that the whole amount of the judgment is for usurious interest, compounded on previous transactions.

As Fant evidently acted as the agent of Ficklin, and by his procurement, the case is the same as if Ficklin himself had advanced the $50 to Isaacke, instead of paying it to Fant, and had taken the note directly to himself; and as Isaacke's equity against Cochran's judgment was perfect, and it was certain that the suit then pending must result in a decree against Ficklin for the whole amount of the judgment and the costs of the Chancery suit, Ficklin lost nothing by the new arrangement; and Isaacke gained nothing but the promise or the hope of further indulgence. It was, in effect, nothing but a renewal of the loan at compound usurious interest, and did not, to any extent, purge it of usury nor deprive Isaacke of his right to resist the payment on the ground of usury. The essence of the transaction was, that Ficklin discharged his liability as assignor of the original usurious note, and took a new note from the borrower to himself, with further usurious interest. The statute would be of little avail if usury could be legalized and protected by so shallow a device as this.

We are of opinion that the complainant was entitled to a perpetuation of his injunction—wherefore, the de-

The assignor of a note given for usurious interest, advanced money at usury to the obligor, to pay off the demand which he had filed his bill to avoid, which was done. Held, on bill filed by the borrower to avoid this second note, given for the money loaned, that the first arrangement did not purge the original transaction of the usury, and relief given.

cree is reversed and the cause remanded, with directions to render a decree perpetuating the injunction with costs.

*Boyd* for plaintiff: *B. & A. Monroe* for defendant.